Decided February 10, 1989

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS
COMMONWEALTH TRIAL COURT

IN THE MATTER OF THE      )      CIVIL ACTION NO. 88-741
APPEAL OF                )
                         )
                         )
                         )
LUIS S. CAMACHO, FROM THE )         ORDER GRANTING
DECISION OF THE BOARD OF THE )      SUMMARY JUDGMENT
NORTHERN MARIANA ISLANDS )
RETIREMENT FUND.         )
                         )
_____)

## BACKGROUND

Luis S. Camacho (Camacho) was an employee of the Government of the Commonwealth of the Northern Mariana Islands and certain predecessor government agencies and entities for 20 years and 18 days. He retired from government employment in 1982. He was a member of the Northern Marianas Retirement Fund (the Fund) and applied for retirement benefits and the Fund has been paying him to the present time.

In 1985 the Northern Marianas Constitutional Convention was held and Amendment 19 was passed and subsequently became part of the Constitution (Article III, Section 20). It reads:

"(A) Membership in an employee retirement
       system of the Commonwealth shall

616

constitute a contractual relationship. Accrued benefits of this system shall be neither diminished nor impaired."

"(B) An employee who has acquired not less than 20 years of creditable service under the Commonwealth retirement system shall be credited an additional five years and shall, be eligible to retire. An employee who elects to retire under this provision may not be re-employed by the Commonwealth government or instrumentalities or agencies, for more than sixty calendar days in any fiscal year without losing his or her retirement benefits for the remainder of that fiscal year."

In 1988, Camacho filed a request with the Fund that he be credited with an additional five years of service pursuant to Amendment 19. This request was denied by the Administrator of the Fund and Camacho appealed this decision to the Board of Trustees of the Fund. A Hearing Officer was designated by the Board and affirmed the Administrator's denial of Camacho's request for a recomputation of benefits under Amendment 19. This decision was appealed to the NMI Retirement Fund Board of Trustees. After a hearing on this matter the Board affirmed the decision of the Hearing Officer denying Camacho's request. Subsequently, Camacho filed a complaint in this court in the nature of an appeal from the decision of the Board. The Fund then moved for a summary judgment and the matter has been briefed and argued.

## ANALYSIS

The facts in this case are not in dispute and, therefore, this matter is appropriate for summary judgment. Com.R.Civ.Pro., Rule 56.

### A) Interpreting Amendment 19

The issue presented here is whether Camacho, a former CNMI government employee who retired before the effective date of Amendment 19, may receive the five year credit granted by that amendment.

A fundamental canon of statutory construction is that, unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning. <u>Perrin v. U.S.</u>, 444 U.S. 37, 42, 100 S.Ct. 311, 313, 62 L.Ed.2d 199 (1979).

In examining the wording of Amendment 19 it is clear that this amendment does not apply to Camacho. Initially, Camacho was not an "employee" when Amendment 19 become effective. Once Camacho retired he could no longer be considered an "employee" for purposes of Amendment 19. Further, Camacho, having retired before Amendment 19 came into effect, cannot qualify as someone "eligible to retire" since he had already done so. Therefore, a person who retired before Amendment 19 came into force does not qualify for the five year credit offered therein.

This interpretation is further buttressed by statements made by delegates to the Second Constitutional Convention which drafted Amendment 19. In response to an inquiry as to whether this amendment would apply to existing retirees it was unequivocally stated that these retirees would not be covered. See, Second ConCon Journal, July 20, 1985.

### B. Equal Protection Clause.

Camacho argues that the NMI Retirement Board's refusal to classify him as an "employee" for purposes of Amendment 19 denies him equal protection of the law.

As noted by Camacho, the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution prohibits class-based discrimination which is not sufficiently related to a permissible government objective. Camacho does not assert that the Fund's refusal to classify him as an "employee" involves a suspect classification or a fundamental right. Clearly, it does not. Restrictions on the availability of opportunities related to employment are to be examined pursuant to a standard less than strict scrutiny. Dandridge v. Williams, 397 U.S. 471, 485, 90 S.Ct. 1153, 1162, 25 L.Ed.2d 491 (1970). Therefore, the court will examine Camacho's equal protection challenge using a rational-basis standard. See, Massachusetts Board of Retirement v. Murgia, 427 U.S. 307, 314, 96 S.Ct. 2562, 2567, 49 L.Ed.2d 520 (1976).

In applying this rational basis standard to the facts presented, it is evident that an interpretation of Amendment 19 which denies Camacho "employee" status is rationally related to a legitimate government objective. Amendment 19 gives a benefit to government employees in order to entice early retirement. This was the intent behind the amendment and it is certainly a legitimate objective.

Interpreting Amendment 19 so as to preclude Camacho from "employee" status does not deprive him of any benefit due him upon his retirement. His retirement status was determined in 1982, and it shall remain - exactly what he expected it to be when he retired. Refusal to include retirees within the scope of the term "employee" as used in Amendment 19 does not offend the equal protection provisions of the Constitution.

### C) Procedural Claim.

Camacho next maintains that the Board failed to comply with 1 CMC § 9110 since it did not provide him with a copy of any proposed decision so that he could review and comment thereon.

1 CMC § 9110(b) relating to proposed recommendations reads as follows:

> "Before a recommended initial order or decision, or an order on agency review of an order or decision, the parties are entitled to a reasonable opportunity to submit for the

**620**

consideration of the persons participating in the decision:

(1) Proposed findings and conclusions;

(2) Exceptions to the order or decision or recommended order or decision; and

(3) Supporting reasons for the exceptions or proposed findings and conclusions.

The obvious thrust of this section is that a party should be allowed a "reasonable opportunity" to present proposed findings and conclusions to the agency "before" any order is issued. This section does not mandate that an agency must propose its order and then ask the parties for their comments. Likewise, 1 CMC § 9110(b) requires only that the party be entitled to a reasonable opportunity to present proposed findings, it does not require the agency to solicit them. There have been three separate administrative hearings on this matter and at no time did Camacho ever avail himself of the opportunity to submit proposed recommendations and findings. Therefore, Camacho's procedural claim is without merit.

D) **Constitutionality of Public Law 6-5.**

During the course of the administrative proceedings, the Commonwealth Legislature enacted Public Law 6-5 which Camacho asserts effectively prohibits him from returning to work for the CNMI government and building up retirement

**621**

credits.     Camacho maintains that Public Law 6-5, in conjunction with Amendment 19, violate the equal protection  provisions  of the Constitution.   This issue was not raised below.

Generally,  an  appellate  court will not consider an issue not passed upon below.  <u>Singleton v. Wulff</u>, 428 U.S.  106, 120, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976).   The only issue which  has  been  properly presented to this court is whether Camacho falls within the provisions of Amendment 19.   How  this interpretation  relates  to  Public Law 6-5 is not before the court and the court therefore declines the invitation  to  rule on the constitutionality of that statute.

## CONCLUSION

For  the  foregoing reasons the NMI Retirement Fund's motion for summary judgment is hereby GRANTED.

IT IS HEREBY ADJUDGED that the decision  of  the  NMI Retirement Fund Board of Trustees is AFFIRMED.

Dated at Saipan, MP, this <u>10th</u> day of February, 1989.

_____
Robert A. Hefner, Chief Judge